FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 0 6 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STERLING V. ROBINSON,

         Petitioner,

-against-

NEW YORK STATE DIVISION OF PAROLE,

         Respondent.
------------------------------------------------------------x

MEMORANDUM & OPINION

11-cv4454 (ENV)

VITALIANO, D.J.

  On September 8, 2011, Sterling V. Robinson, acting on his own behalf, petitioned the Court for a writ of habeas corpus challenging his conviction for third degree criminal possession of a weapon and operating a motor vehicle while under the influence of alcohol. The State responded on October 16, 2012. Petitioner's reply is due December 10, 2012. He now seeks (1) an unspecified extension of time to file his reply and (2) appointment of counsel.

  The deadline to file petitioner's reply is extended until January 4, 2013, and petitioner shall file his papers on or before that date.

  Petitioner's request for counsel is denied.

  Unlike criminal cases, habeas proceedings do not afford a state prisoner a constitutional right to representation by counsel. *See Wright v. West*, 505 U.S. 277, 293 (1992).[1] However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Likewise, under 18 U.S.C. § 3006A(2)(B), a court may appoint counsel to represent a financially eligible habeas petitioner where it

---

[1] However, if an evidentiary hearing is necessary, Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts requires a court to appoint counsel to represent a habeas petitioner who would otherwise qualify for representation under 18 U.S.C. § 3006A(2)(B).

1

"determines that the interests of justice so require." Courts enjoy broad discretion in determining whether to appoint counsel for civil litigants, "subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (internal quotations omitted). Moreover, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause," courts must carefully consider whether a request for counsel is warranted. *Id.* at 172.

Accordingly, when considering such a request, the threshold inquiry under 28 U.S.C. § 1915(e)(1) is whether there is or is likely to be merit to the petitioner's position. *See, e.g., Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (a district court must "first determine whether the indigent's position seems likely to be of substance" before appointing counsel); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (holding that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor"). Only if this threshold requirement of substance is met should the court consider the following secondary factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. Similar standards apply in determining whether, in the interest of justice, to appoint counsel for a petitioner in a habeas proceeding. *See, e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper*, 877 F.2d at 172); *Cary v. Ricks*, No. 00-CV-8926, 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (citing *Hodge*, 802 F.2d at 61-62).

2

Upon a preliminary review of the written submissions made thus far, the Court finds that petitioner has not satisfied, nor is he likely to satisfy, the threshold requirement of meritoriousness. Even if the threshold requirement were met, petitioner would still fall short of meeting the secondary factors. First, he is able to present the facts of his case with the assistance of his translator. Second, there is no indication that this matter involves any particularly complex or novel legal issues. Finally, petitioner suggests no special reason why appointment of counsel in this case would be more likely to lead to a just determination.

Under these circumstances, the Court finds that the interests of justice do not necessitate appointment of counsel to represent petitioner at this time.

## CONCLUSION

For the reasons outlined above, petitioner's motion for an extension of time to file his response to the State's opposition to his petition is granted to the extent that it is granted until December 17, 2012. His motion for the appointment of counsel is denied.

SO ORDERED.

/S/ Judge Eric N. Vitaliano
───────────────────────────
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
       November 30, 2012

3